IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



ALONZO ALEXANDER McKAY,

    Petitioner,

v.                                                     Civil Action No. **3:16CV831**

HAROLD W. CLARKE,

    Respondent.

## REPORT AND RECOMMENDATION

Alonzo Alexander McKay, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 (ECF No. 1).[1] The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Respondent has moved to dismiss. (ECF No. 10.) McKay has replied. (ECF No. 16.) For the reason set forth below, it is RECOMMENDED that the Motion to Dismiss be GRANTED.

**A.**     **McKay's Claims**

McKay demands relief upon the following grounds:

Claim One:    "Judicial Misconduct." (§ 2254 Pet. 5.)

Claim Two:    "Prosecutorial Misconduct." (*Id.* at 6.)

Claim Three:    "Ineffective Assistance of Counsel." (*Id.* at 7.)

McKay does not supply facts in support of the above claims, but instead directs the Court to "see attached Memorandum." (*See, e.g., id.*) In the attached Memorandum (ECF No. 1, at 11–21), McKay fails to supply any supporting facts for Claims One and Two.

---

[1] The Court corrects the capitalization, punctuation, and spelling in the quotations from McKay's documents. The Court omits the emphasis from quotations from McKay's documents. The Court employs the pagination assigned to the 28 U.S.C. § 2254 Petition by the CM/ECF docketing system.

A federal court may only grant a petition for a writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A petition for a writ of habeas corpus must specify the grounds for relief. Rules Governing Section 2254 Cases, Rule 2(c). The petition must also state, under penalty of perjury, the facts that support each ground for relief. *Id.* The petitioner must make specific factual allegations in the petition that would entitle him to habeas corpus relief if they are true. *Jones v. Polk*, 401 F.3d 257, 269 (4th Cir. 2005); *see Adams v. Armontrout*, 897 F.2d 332, 333–34 (8th Cir. 1990). McKay's conclusory claims of judicial and prosecutorial misconduct are subject to summary dismissal. *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of § 2255 motion appropriate where it "stated only bald legal conclusions with no supporting factual allegations").[2] Accordingly, it is RECOMMENDED that Claims One and Two be DISMISSED.

In Claim Three, McKay contends that he was denied the effective assistance of counsel when his counsel, David W. Cassidy, "failed to communicate a plea offer from the prosecution." (ECF No. 1, at 17.) Further, review of McKay's habeas submissions reflect that McKay does not assert that Cassidy totally failed to communicate the prosecution's plea offer, but that Cassidy failed to somehow accurately convey the prosecution's plea offer:

> Petitioner argues that the proposed plea, offered by the prosecution, was emailed to . . . Cassidy advising him that the petitioner could (i) plead to Burglary and [the prosecution would] merge the GL (Grand Larceny) into that; (ii) [the prosecution would] not object to [petitioner] being screened for programs and will not object to him being sent to the Behavior Modification Program if he qualifies; and (iii) [the prosecution would] also cap [petitioner's] sentence at the high end of the guidelines.

---

[2] The Court is neither obliged nor inclined to reraise the claims of prosecutorial misconduct and judicial misconduct that McKay pursued in state court where McKay failed to supply the pertinent facts in conjunction with his federal habeas petition. *Ingram v. Buckingham Corr. Ctr.*, No. 3:09CV831, 2011 WL 836826, at *1 n.2 (E.D. Va. Mar. 4, 2011) ("A petitioner 'may not simply incorporate by reference' claims and facts set forth in the state proceedings, but which are not recited in the federal petition for a writ of habeas corpus." (quoting *Cox v. Angelone*, 997 F. Supp. 740, 746 (E.D. Va. 1998))).

2

> However, Cassidy, not the petitioner, rejected the proposed plea based on the miscalculated guidelines. Additionally, the record is clear that Cassidy had never shown petitioner the proposed plea offer in person, but would only advise him of the miscalculations by phone. The plea had a fixed expiration date noting that the "[prosecution would] need to know an answer for this by Friday at 4 PM."

(ECF No. 1, at 17–18 (footnote omitted) (alterations in original).) As explained more fully below, McKay fails to demonstrate that Cassidy inaccurately conveyed the substance of the plea offer and fails to demonstrate that he was willing to accept the plea offer at the time the offer was available. Thus, it is RECOMMENDED that Claim Three be DISMISSED because McKay fails to demonstrate deficiency of counsel or resulting prejudice.

**B.  Applicable Constraints Upon Federal Habeas Review**

To obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") further circumscribes this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that

3

determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

C.     **Trial and Direct Appeal**

McKay was convicted of statutory burglary and grand larceny for the theft of a safe in the Circuit Court for the City of Suffolk ("Circuit Court") and sentenced to twenty years of imprisonment. *See McKay v. Commonwealth*, No. 2185-11-1, at 1 (Va. Ct. App. May 9, 2012). On appeal, McKay did "not contest that he stole the safe. Instead, he argue[d] he 'entered with permission and within the scope of his employment and there was no breaking or illegal entry.'" *Id.* at 2. Additionally, he argued "'there is no evidence of when his intent to take the safe was formed.'" *Id.*

In rejecting those arguments, the Court of Appeals of Virginia found that, considered in the light most favorable to the prosecution, the evidence reflected that:

> [O]n the morning of November 4, 2010, golf club employees discovered that a safe was missing from the club's pro shop. A door leading from the shop to a hallway had been damaged and a cellular telephone was on the floor near where the safe had been the evening before. The phone was later linked to appellant.
> Appellant worked for the cleaning company contracted to clean the club house in the evenings. He was the only cleaning employee who worked the night the safe was stolen.
> . . . .
> Regarding appellant's claim that he entered the building with permission and within the scope of his employment, the evidence proved that, in fact, appellant was not provided access to the pro shop and was only assigned to clean other parts of the premises. . . . The surrounding facts and circumstances adequately established appellant's intent to commit larceny when he entered the building. Appellant broke an interior door within the building in order to enter the pro shop and remove the safe. Employees confirmed that the safe was hidden from common view and that appellant would not have known of its existence unless he had seen it before. The evidence suggested appellant did not take valuables from any other part of the building and did not disrupt anything in an apparent search for other property. Instead, the evidence indicated appellant went directly to the pro shop and removed the safe, leaving through a back door. The Commonwealth's evidence was competent, was not inherently incredible,

4

and was sufficient to prove beyond a reasonable doubt that appellant was guilty of statutory burglary.

*Id.* at 1–2.

### D. State Habeas

As pertinent here, on state habeas, McKay initially asserted that,

> [t]he Commonwealth calculated a sentencing sheet to be signed by McKay as an offer in to [sic] a plea agreement. Counsel failed to present the agreement to McKay, because of what Cassidy claimed to be miscalculations by the Commonwealth. Cassidy verbally told McKay that the Commonwealth's numbers for sentencing was too low. . . . Counsel should have given McKay the plea agreement forwarded by the Commonwealth, regardless of the miscalculated time. . . . Withholding the Commonwealth's plea offer because of the miscalculations caused a time deadline lapse, which caused the Commonwealth to withdraw the plea. McKay *would have accepted the low miscalculated plea agreement* had his attorney presented it, per the Commonwealth. McKay was offered a low end of 7 months, a mid range of 1 year and a high end of 1 year 10 months, compared to the 10 years received on each count.

Writ of Habeas Corpus at 10–11, *McKay v. Dir. Dep't Corr.*, No. CL 14000125–00 (Va. Cir. Ct. filed Feb. 19, 2014) (emphasis added) ("*State Habeas*"). In support, McKay attached to his *State Habeas* a copy of the e-mail conveying the plea offer to Cassidy. *Id.* Attach. 1. In that document, the prosecutor states:

> I have been asked by your client['s] mother to extend another offer to him, so I am willing to do that. I will need to know an answer by Friday at 4 PM.
> - He can plead to Burglary and I will merge the GL into that.
> - I will not object to him being screened for programs and will not object to him being sent to the Behavior Modification Program if he qualifies.
> - I will also cap his sentence at the high end of the guidelines. Guidelines as I calculate are:
>   - If he has no Juv record and is not on Probation:
>     - Probation no Incarceration
>   - If he has a Juv record or is on Probation or there is a point I did not find
>     - Low end: 7 months
>     - Mid range: 1 year
>     - High end: 1 year 10 months
> 
> This is a proposed offer subject to approval of the supervisor, which I am sure he will approve.

5

       Please let me know as soon as possible on this.

*Id.*

       Cassidy perceived that the prosecution had incorrectly calculated the guidelines for McKay if McKay pled guilty. *State Habeas* Attach. 2. According to Cassidy's calculation, the high end of McKay's guidelines if McKay pled guilty was 2 years and 11 months. *Id.* McKay does not dispute that Cassidy correctly calculated the guideline range.[3] Nor does McKay assert that Cassidy failed to convey the prosecution's actual offer to agree to cap McKay's sentence at the high end of the actual guideline range. Motion for Judgment at 1–2, *McKay v. Dir. Dep't Corr.*, No. CL 14–125 (Va. Cir. Ct. filed July 17, 2015) ("*Motion for Judgment*"). Rather, McKay insists that, in the plea offer, the prosecution bound itself to its incorrect prediction of the guidelines—which it clearly did not—and faults Cassidy for not conveying that offer to him. *Id.* Specifically, during his state post-conviction proceedings, McKay asserted:

> Trial counsel's performance was deficient because of [the] failure to present the actual plea offer given by the Commonwealth's Attorney, Mr. Burch. Instead, Mr. Cassidy gave me his version and calculations of what should have been Mr. Burch's offer. See Mr. Cassidy's letter (dated August 14, 2013) to Richard Stanley, Assistant Bar Counsel. Quote: "I did not have a copy of the email with me and did not show it to him at that time, but did explain all the details in it except I am not sure that I told him the exact numbers the Commonwealth Attorney had calculated for his sentencing guidelines."
>
> . . . .
> Petitioner was prejudiced by trial counsel's deficient performance because I would have accepted the actual plea offer given by Mr. Bruch. . . . Instead, Mr. Cassidy gave petitioner his calculations. . . .
>
> . . . .
> Trial counsel never presented petitioner with the actual plea offer given by Mr. Bruch. Had he done so, I would have accepted this plea offer. Instead, trial counsel took it upon himself to give me his version of the plea . . . .

*Id.* at 1–3.

---

[3] After his conviction, McKay's guidelines provided for a range of 1 year 2 months to 2 years 11 months, with a midpoint range of 1 year 9 months. Presentence Investigation Report, Sentencing Guidelines Cover Sheet, *McKay v. Dir. Dep't Corr.*, No. CL 14000125–00 (Va. Cir. Ct. filed Oct. 6, 2011).

6

The Circuit Court denied McKay's petition for a writ of habeas corpus and found, in pertinent part:

> McKay alleges that counsel was ineffective for failing to convey a plea offer to the petitioner. Specifically, McKay asserts that counsel received an offer from the Commonwealth for McKay to be sentenced within the guidelines, however, counsel realized the Commonwealth had calculated the guidelines incorrectly and then declined the offer without speaking to the petitioner. However, this claim is directly refuted by the petitioner's own exhibits. In a letter dated August 14, 2013, addressed to the Virginia State Bar, trial counsel explained that he spoke with the petitioner, and after counsel fully explained all of the relevant details of the Commonwealth's offer, "Mr. McKay rejected the offer." The exhibit also contains a printout of an email containing the offer and a handwritten note at the bottom by counsel stating, "7–28–11 offer rejected by defendant during [] today [/s/] David W. Cassidy." There is also a letter from the Virginia State Bar to the petitioner, dated September 5, 2013 which states, "[I]t's clear Mr. Cassidy discussed the plea offer with you . . . Further, according to Mr. Cassidy, and uncontradicted by you, he says you rejected the plea offer for reasons completely unrelated to the guideline range." Consequently, McKay has failed to established either deficient performance or prejudice as required by *Strickland* and claim C(1) must fail.

*McKay v. Dir., Dep't Corr.* No. CL14–125, at 5 (Va. Cir. Ct. July 30, 2015). As explained below, the Court discerns no unreasonable application of facts or law in the rejection of this claim. *See* 28 U.S.C. § 2254(d)(1)–(2).

E.   **Analysis**

"During plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). Generally, claims of ineffective assistance of counsel during the plea process fall into three categories. First, "the [complete] failure of a defense attorney to timely inform his client of a plea offer constitutes unreasonable professional assistance." *United States v. Brannon*, 48 F. App'x 51, 53 (4th Cir. 2002) (citing *United States v. Blaylock*, 20 F.3d 1458, 1465–66 (9th Cir. 1994)); *see Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003). Second, a defense attorney's inaccurate advice or misinformation in conveying a plea offer may

7

constitute deficient assistance. *Brannon*, 48 F. App'x at 53 (citing *Paters v. United States*, 159 F.3d 1043, 1047–48 (7th Cir. 1998); *see United States v. Merritt*, 102 F. App'x 303, 307–08 (4th Cir. 2004); *Wolford v. United States*, 722 F. Supp. 2d 664, 688 (E.D. Va. 2010) (concluding that counsel was deficient where he "misled [the petitioner] into believing that she had some possibility of prevailing at trial on the basis of several non-viable defenses"). Third, incomplete advice in conveying a plea also may provide a basis for a claim of ineffective assistance of counsel. *See Wolford*, 722 F. Supp. 2d at 689 (concluding that "counsel's incorrect and incomplete legal advice to [the petitioner] during the plea negotiation process was objectively unreasonable" (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)); *see also United States v. Day*, 969 F.2d 39, 43 (3d Cir. 1992) ("[A] defendant has the right to make a reasonably informed decision whether to accept a plea offer." (citing *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985); *Von Moltke v. Gillies*, 332 U.S. 708, 721 (1948))).

Here, McKay obliquely suggests that his attorney completely failed to convey the prosecution's plea to him, because counsel failed to convey the plea offer with its inaccurate prediction of his possible sentence under relevant guidelines. *See Brannon*, 48 F. App'x at 53 (citing *Blaylock*, 20 F.3d at 1465–66); *see Griffin*, 330 F.3d at 737. That is simply not so. Counsel fully conveyed to McKay the prosecution's plea offer. The prosecution in no way suggested that it would be bound by its prediction of McKay's sentence under the relevant guidelines. Rather, the text of the plea offer reflected that the prosecution agreed to not pursue a sentence above the *actual* high end of the guidelines recommendation. Accordingly, McKay fails to demonstrate that counsel acted deficiently in conveying the prosecution's plea offer.

Furthermore, McKay fails to demonstrate prejudice. The prejudice inquiry focuses on "whether counsel's constitutionally ineffective performance affected the outcome of the plea

process." *Merritt*, 102 F. App'x at 307 (quoting *Hill*, 474 U.S. at 59). McKay must demonstrate "a reasonable probability" that he "would have accepted the [other] plea offer" if he "had . . . been afforded effective assistance of counsel." *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012); *see Merritt*, 102 F. App'x at 307. Here, counsel conveyed the actual plea to McKay, and McKay rejected it. Thus, McKay cannot demonstrate prejudice.

Moreover, even if effective assistance of counsel required counsel to also convey the prosecution's inaccurate guidelines estimate to McKay in passing on the plea offer, McKay must demonstrate a reasonable probability that he would have accepted that offer. Such a showing requires a convicted defendant to "present some credible, non-conclusory evidence that he would have [accepted the proffered plea] had he been properly advised." *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003) (quoting *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995)). McKay has not done so.

"A defendant who maintains his innocence at all the stages of his criminal prosecution and shows no indication that he would be willing to admit his guilt undermines his later § 2254 claim that he would have pleaded guilty if only he had received better advice from his lawyer." *Id.* at 723 (citing *United States v. Stevens*, 149 F.3d 747, 748 (8th Cir. 1998); *Engelen*, 68 F.3d at 241); *see Chesney v. United States*, 367 F.3d 1055, 1060 (8th Cir. 2004). That is the case here. During his post-conviction proceedings, McKay swore under oath that, "First and foremost, McKay is INNOCENT. There is simply no credible evidence to support the prosecutor's theory of his guilt or the findings of the jury or court." *State Habeas* at 14. Given these circumstances and the minor difference between the prosecution's and counsel's prediction of McKay's sentence if he pled guilty, "the Court finds 'palpably incredible' [McKay's] conclusory assertion that he would have accepted the" prosecution's plea offer. *United States v. Hill*, No. 3:07CR407,

9

2017 WL 4544673, at *7 (E.D. Va. Oct. 11, 2017) (quoting *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005)). As McKay has not demonstrated deficiency or prejudice, it is RECOMMENDED that Claim Three be DISMISSED.

F.  **Conclusion**

Accordingly, it is RECOMMENDED that Respondent's Motion to Dismiss (ECF No. 10) be GRANTED, McKay's claims be DISMISSED, the § 2254 Petition be DENIED, and the action be DISMISSED. It is further RECOMMENDED that the Court deny a certificate of appealability.

McKay is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to McKay and counsel for Respondent.

It is so ORDERED.

/s/ *[signature]*
Roderick C. Young
United States Magistrate Judge

Date: January 18, 2018
Richmond, Virginia